

```
CASB #81267
Law Offices of
ANTHONY DREW ROWE
1300 "H" Street, Suite 300
Modesto, California 95354
Telephone (209) 529-8778


Attorneys for Moving Party
CYRUS E. AMIRFAR
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
-oOo-

| | |
|---|---|
| In Re:<br><br>SONIA LOPEZ<br><br>_____<br><br>CYRUS E. AMIRFAR<br><br>            Moving Party,<br>    vs.<br><br>SONIA LOPEZ, GARY FARRAR, Chapter 7 Trustee, United States Trustee<br><br>            Respondent(s). | Caes No. 2011-94324<br><br>Chapter 7 Proceedings<br><br>MOTION NO. ADR-1<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>11 USC § 362 & Bankruptcy Rule 4001<br><br>Date:   January 25, 2012<br>Time:  10:00 A.M.<br>Place: 1200 I" Street Suite 4<br>Modesto, California |

MOTION FOR RELIEF FROM AUTOMATIC STAY

    TO: THE HONORABLE RONALD H. SARGIS, U.S. Bankruptcy Judge:

    COMES NOW, Moving Party, above-named (hereinafter "Creditor") CYRUS E. AMIRFAR , by and through his attorney of record, ANTHONY DREW ROWE, and move the Court for an order terminating the automatic stay of 11 USC §362 as to Movant, so that Movant may commence and/or continue all acts regarding an eviction or Unlawful Detainer to obtain possession of the real property generally described as 260 Miles Court, Turlock, California.

| | |
|---|---|
| 1 | On or about December 21, 2011 SONIA LOPEZ, ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. §362. |

On or about December 21, 2011 SONIA LOPEZ, ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. §362.

Movant seeks relief pursuant to 11 U.S.C. §362(d)(1) for "cause" pursuant to 11 U.S.C. §362(d)(1) because as of the petition date, Debtor had no right to continued occupancy of the premises because a 3 day notice was served and Debtor failed to pay or quit within the time allowed by State law and pursuant to Code of Civil Procedure §1161 Debtor then remained in possession as an unlawful detainer. Debtors has not filed with the petition and served on the Movant the certification required under 11 U.S.C. §362(l)(1).

Debtors' right to any possessory interest was terminated by State Law with the expiration of the 3 day notice on November 10, 2011. This matter was set for an Unlawful Detainer trial on December 22, 2011 and Debtor filed this petition in bankruptcy on December 21, 2011.

The subject property is not "property of the estate" and neither Debtors nor the Trustee have any interest in the subject Property. See *In re: Windmill Farms, Inc.* (9th Cir. Cal. 1988) 841 F2d 1467; *In re: Simth* (Bankr., C.D. Cal 1989) 105 B.R. 50. Debtor did not claim any interest in the real property in Debtor's bankruptcy petition schedules. Pursuant to 11 U.S.C. §362(d)(2)(A) Debtor has no equity in the Property and pursuant to 11 U.S.C. §362(d)(2)(B) the Property is not necessary for an effective reorganization.

Further, no post-petition rental payments have not been paid since the filing of the petition.

Movant also seeks an Order terminating and vacating the Automatic Stay for all purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of appropriate eviction remedies, without the requirement of further notice or hearing, except as required by state law.

Movant further seeks an Order waiving the 14 day stay as provided by Bankruptcy Rule 4001(a)(3) .

In addition, Movant requests such further relief as is just.

This motion is based upon these moving papers, aswell as the Notice of Motion,

Declaration, and the Relief From Stay Information Sheet, filed separately, and concurrently with this Motion.

WHEREFORE, Movant prays judgment as follows:

1. For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with eviction proceeding in State Court;

2. For such order regarding adequate protection of Movant's interest as this Court deems proper;

3. For an Order waiving the 14-day stay described by Banktuptcy Rule 4001(a)(3).

4. For such other relief as this Court deems appropriate.

DATED: December 28, 2011          /S/ Anthony Drew Rowe
ANTHONY DREW ROWE
Attorney for Moving Party

MEMORANDUM OF POINTS AND AUTHORITIES
A SECURED CREDITOR IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY FOR "CAUSE" UNDER 11 U.S.C. SECTION 362(d)(1)

11 U.S.C. Section 362(d) provides:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --

(1) for cause, including lack of adequate protection of an interest in property of such party in interest; or..."

Subsection (1) of 11 U.S.C. Section 362(d) allows the court to grant relief from the automatic stay for "cause". A debtor's failure to pay rent constitutes "cause" for relief from the automatic stay pursuant to Section 362(d)(1) In re Ellis, 60 B.R. 432 (9th Cir. 1985).

Movant seeks relief pursuant to 11 U.S.C. §362(d)(1) for "cause" pursuant to 11 U.S.C. §362(d)(1) because as of the petition date, Debtor had no right to continued occupancy of the premises because Debtor's right to any possessory interest was terminated by State Law with the

service of the 3 day notice and Debtor's failure to either pay or quit.  Debtor is unlawfully detaining the property.  Debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. §362(l)(1).

　　　　The subject property is not "property of the estate" and neither Debtor nor the Trustee have any interest in the subject Property.  See *In re: Windmill Farms, Inc.* (9th Cir. Cal. 1988) 841 F2d 1467; *In re: Simth* (Bankr., C.D. Cal 1989) 105 B.R. 50.  Debtor's Bankruptcy Schedules do not list any interest in the Property.   Further rental payments have not been paid since the filing of the petition.  Pursuant to 11 U.S.C. §362(d)(2)(A) Debtor has no equity in the Property and pursuant to 11 U.S.C. §362(d)(2)(B) the Property is not necessary for an effective reorganization.

　　　　Debtor has not made any payments and has not offered to make any payments to stay in the property. "Cause" is therefore present justifying relief from stay. In the instant case, the Debtor has no interest in the real property.  Debtor is a renter of a parcel of residential real property at 260 Miles Court, Turlock, California which Moving Party owns.   Debtor has failed to pay rent  for the months of November and December 2011 and owes over $2000.00. "Cause" is therefore present justifying relief from stay.

　　　　In the instant case, the Debtor has no interest in the real property.  Debtor is a renter of a parcel of residential real property at 260 Miles Court, Turlock, California which Moving Parties own.  Debtor has failed to pay pre-petition rent and Movant requests relief from the automatic stay to allow Movant to have the matter resolved in State Court.   "Cause" is therefore present justifying relief from stay.

Dated this 28th day of December, 2011

By : /S/ *ANTHONY DREW ROWE*
　　　ANTHONY DREW ROWE
　　　Attorney for Moving Party